UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

TERESA PETERSON,                  )
                                  )
    Plaintiff,                    ) Case No.: 2:17-CV-748
                                  )
v.                                ) COMPLAINT AND DEMAND FOR
                                  ) JURY TRIAL
CHARTER COMMUNICATIONS,           )
                                  )
    Defendant                     )
                                  )

## COMPLAINT

TERESA PETERSON ("Plaintiff"), by and through her attorneys, Kimmel & Silverman, P.C., alleges the following against CHARTER COMMUNICATIONS ("Defendant"):

### INTRODUCTION

1. Plaintiff's Complaint is based on the Telephone Consumer Protection Act 47 U.S.C. § 227, *et seq.* ("TCPA").

### JURISDICTION AND VENUE

2. This Court's jurisdiction arises under 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," and 28 U.S.C. § 1331, which grants this court original jurisdiction of all civil actions arising under the laws of the United States.

3. Defendant regularly conducts business in the State of Alabama, therefore personal jurisdiction is established.

4. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

## PARTIES

5. Plaintiff is a natural person residing in Montgomery, Alabama 36116.

6. Plaintiff is a "person" as that term is defined by 47 U.S.C. § 153(39).

7. Defendant is a corporation with its principal place of business located at 400 Atlantic St., Stamford, CT 06901.

8. Defendant is a "person" as that term is defined by 47 U.S.C. § 153(39).

9. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

10. Plaintiff has a cellular telephone number.

11. Plaintiff has only used this number as a cellular telephone number.

12. Beginning in or around November 2016 and continuing through May 2017, Defendant placed repeated telephone calls to Plaintiff's cellular telephone.

13. Upon initial contact, Plaintiff requested Defendant stop calling thereby revoking any consent Defendant may have had to call her cellular telephone number.

14. Once Defendant knew its calls were unwanted any continued calls served no lawful purpose and could only have been placed for the purpose of harassing Plaintiff.

15. However, Defendant ignored Plaintiff's request and continued to call her.

16. Plaintiff repeatedly informed Defendant's collectors to stop calling through February 2017, but the calls continued.

17. When contacting Plaintiff, Defendant used an automatic telephone dialing system, automated message and/or prerecorded voice

18. Plaintiff knew that Defendant was using an automatic telephone dialing system, automated message and/or prerecorded voice because the calls would begin with a recording before speaking to live representatives.

19. Defendant's telephone calls were not made for "emergency purposes."

20. Upon information and belief, Defendant conducts business in a manner which violates the TCPA.

## COUNT I
## DEFENDANT VIOLATED THE TCPA

21. Under § 227(b)(3)(B) of the TCPA, a person or entity may bring a private cause of action in an appropriate court "to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation whichever is greater."

22. Under § 227(b)(3)(A) of the TCPA, a person or entity may bring a private cause of action in an appropriate court based on a violation of the TCPA or the regulations prescribed under the TCPA to enjoin such violation.

23. Despite the fact that Plaintiff revoked consent to Defendant placing calls to her, Defendant repeatedly placed non-emergency calls to Plaintiff's cellular telephone.

24. Based upon the conduct of Defendant, Plaintiff avers that the enhancement of damages provided for by the TCPA allowing for Plaintiff to recover up to $1,500 per call/violation be applied to calls placed.

25. Defendant's conduct violated § 227(b)(1)(A)(iii) of the TCPA by placing repeated calls using an automatic telephone dialing system to Plaintiff's cellular telephone.

WHEREFORE, Plaintiff, TERESA PETERSON, respectfully prays for judgment as follows:

    a.    All actual damages suffered pursuant to 47 U.S.C. § 227(b)(3)(A);

    b.    Statutory damages of $500.00 per violative telephone call pursuant to 47 U.S.C. § 227(b)(3)(B);

    c.    Treble damages of $1,500.00 per violative telephone call pursuant to 47 U.S.C. §227(b)(3);

    d.    Injunctive relief pursuant to 47 U.S.C. § 227(b)(3); and

    e.    Any other relief deemed appropriate by this Honorable Court.

## **DEMAND FOR JURY TRIAL**

PLEASE TAKE NOTICE that Plaintiff, TERESA PETERSON, demands a jury trial in this case.

RESPECTFULLY SUBMITTED,

DATED: October 31, 2017

By: /s/ Amy Lynn Bennecoff Ginsburg
Amy Lynn Bennecoff Ginsburg, Esquire
Kimmel & Silverman, P.C.
30 East Butler Pike
Ambler, PA 19002
Telephone: (215) 540-8888
Facsimile (215) 540-8817
Email: aginsburg@creditlaw.com
Attorney for Plaintiff

PLAINTIFF'S COMPLAINT